## Commonwealth v. Jones

*H. G. Stutzman,* for Commonwealth.

*Seesholtz, Mandell & Balitas,* for defendant.

PALMER, P. J., October 25, 1943.—Defendant in this case was sentenced by Alderman Gregory to pay a fine and costs for maintaining a disorderly house within the precincts of the City of Pottsville.

From this judgment, an appeal was allowed by this court.

The case now appears upon the argument list. Defendant furnishes us with a brief showing error in the proceedings before the alderman. The Commonwealth in a reply brief contends that, inasmuch as the record shows that at the hearing before the alderman defendant pleaded guilty to the charge, she is legally precluded from taking an appeal, and asserts that this contention has developed into well-settled law. However, the district attorney cites no authority in support thereof, and the act of assembly pertaining to appeals in cases of summary convictions does not sustain his conclusion.

That part of the Act of April 17, 1876, P. L. 29, as last amended by the Act of April 1, 1925, P. L. 98, 19 PS §1189, relevant to the question presented, reads, inter alia.

"That in all cases of summary conviction in this Commonwealth, before a magistrate or court not of record, either party, *even though any fine imposed has already been paid*, may, within five days after such conviction, appeal to the court of quarter sessions of the county in which such magistrate shall reside or court not of record shall be held, upon allowance of the said court of quarter sessions, or any judge thereof, upon cause shown . . ." (Italics supplied.)

And so from the reading of the act it would seem that whether there was a conviction after hearing testimony, or conviction by confession of defendant, an appeal can be allowed.

How the case came upon the argument list is a mystery. No motion to quash the appeal is made by the Commonwealth, and as it stands now defendant is entitled to a hearing de novo. The briefs and arguments on both sides make contentions that cannot be sustained or overruled under the present condition of the record.

And now, October 25, 1943, the district attorney is directed to list and present the case for trial.